Argued and submitted May 25, reversed and remanded August 3, petition for review denied October 18, 1994 (320 Or 272)

George G. SCHMIDT
and Annette D. Schmidt,
husband and wife,
*Respondents,*

*v.*

OREGON ASPHALTIC PAVING COMPANY,
a corporation,
*Appellant.*

(90-8-306; CA A81203)

879 P2d 204

Todd A. Bradley argued the cause and filed the briefs for appellant.

Paul Terrance Thalhofer argued the cause for respondents. With him on the brief was Reif & Reif.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from a judgment for plaintiffs declaring the parties' earnest money agreement null and void. ORS 28.020. We reverse.

On July 14, 1988, the parties signed an earnest money agreement wherein defendant agreed to purchase 177 acres of land from plaintiffs for $1,000,000. Among several contingencies, the agreement provided for the following condition, which is the focal point of the parties' dispute:

"[S]ale contingent upon purchaser obtaining permits to mine gravel from this property and also to receive permits to haul gravel on state and county highways."

The agreement also included a "time is of the essence" clause, which said, "Transaction to be closed on or before November 30, 1988." In October, 1988, in consideration of an additional $6,000 in earnest money, plaintiffs agreed to extend the closing date to May 30, 1989, to allow defendant more time to get a permit. The parties entered a second earnest money agreement on June 5, 1989. Under the terms of that agreement, the sale price was identical to the first agreement, and the purchase remained contingent on defendant obtaining a permit. However, the closing date was reset to July 15, 1989. Defendant was unable to get a permit by the July 15, 1989, closing date, and on August 17, 1989, the parties signed an addendum, agreeing to extend the closing date to January 15, 1990. In consideration for the extension, defendant loaned plaintiffs $160,000 and agreed to waive all interest on the loan until defendant purchased the property or the earnest money agreement was canceled.

The sale was not closed by January 15, 1990, and, in August, 1990, plaintiffs sought a declaratory judgment that the earnest money agreement and the subsequent addendum were void. The matter went to trial in August, 1991, and the trial court concluded that the parties had waived the "time is of the essence" clause. It entered a judgment that says, in part:

"1. The Earnest Money Agreement between Plaintiffs and Defendant dated June 5, 1989, including addendums, [*sic*] shall remain and continue in full force and effect, with the exception of the 'time is of the essence' clause;

"2.   Defendant shall have until July 14, 1993, to obtain the required mining permit from Clackamas County; provided, however, that Defendant shall continue to diligently seek to obtain said mining permit from the County through the proper processes and/or legislative action;

"3.   In the event that Defendant fails to obtain a mining permit by July 14, 1993, or ceases to diligently seek said permit as provided herein, the Earnest Money Agreement shall be deemed to have expired and the purchase of the property by Defendant from Plaintiffs shall be declared null and void[.]"

Plaintiffs appealed from the judgment, and we affirmed without opinion. *Schmidt v. Oregon Asphaltic Paving Co.*, 115 Or App 758, 838 P2d 1119 (1992).

Defendant failed to obtain the mining permit by July 14, 1993. On the same day, plaintiffs filed what they called a "motion to declare earnest money agreement null and void."[1] At the hearing on the motion, defendant presented evidence that it had notified plaintiffs of its intent to waive the condition that a mining permit be obtained and to close the transaction before the deadline. Plaintiffs did not contest that evidence. Defendant made an oral motion asking the trial court to require plaintiffs to perform under the agreement despite its failure to obtain the permit. The trial court denied defendant's motion:

"Under the provisions of [the] declaratory judgment [entered August 26, 1991,] I set a time. And I found that I gave [defendant] two years, much over the objection of plaintiff[s], to give [defendant] two more years to try to [get a permit]. And I definitely stated that if the defendant failed to obtain the mining permit by July 14th, 1993, or ceased to diligently seek [the permit] — I further ordered that the earnest money agreement shall be deemed to have expired and the purchase of the property by defendant from plaintiff should be declared null and void.

"There wasn't any contingency there that the defendant could later waive that mining permit there. And that was — I found was a — the key issue there."

---

[1] Apparently, the parties and the trial court treated the motion as a supplemental proceeding to the declaratory judgment proceeding. The parties have not raised the issue of whether it was proper to seek relief in this manner, and we express no opinion as to whether the correct procedure was used.

Subsequently, it entered judgment for plaintiffs on their motion and against defendant on its motion.

On appeal, defendant argues that the mining permit condition was for its benefit only and that, because it had waived the condition, the trial court erred in declaring the agreement void. *See Prestige House, Inc. v. Merrill*, 51 Or App 67, 71, 624 P2d 188 (1981). Plaintiffs respond that the 1991 judgment precludes defendant's ability to waive the condition. They rely on findings made by the trial court pursuant to the 1991 judgment that the permit was "a vital contingency of the agreement," that "neither party made definite contractual conditions to resolve the problem in the event a permit could not be obtained or a permit could not be obtained for an indefinite period," and that "the parties [had] failed to provide for the contingency that the required governmental mining permit could not be obtained by a definite date." Plaintiffs argue that these findings, when considered with the language of the 1991 judgment, demonstrate that the trial court intended to remove any right of defendant under the agreement to waive the condition. Alternatively, they argue that defendant's waiver of the condition is not legally effective under the doctrines of equitable and judicial estoppel, and issue preclusion.

██ Initially, we must decide what legal effect the 1991 judgment had on the parties' agreement.[2] The trial court's findings and judgment must be read in the light of its authority to insert terms into the parties' agreement for the purpose of supplying missing terms to carry out the intention of the parties. *See Howard v. Thomas*, 270 Or 6, 10, 526 P2d 552 (1974). It had no authority to impose or delete terms of the agreement that were contrary to the parties' intentions. Therefore, the 1991 judgment must be construed in the light of the issue before the court at that time and what was missing from the parties' agreement. The trial court found that neither party anticipated the difficulties that were encountered in obtaining the permit and that they had failed to provide for the contingency that the permit could not be obtained by a definite date. The court said, in part:

---

[2] This is not a case in which the judgment was erroneous because it exceeded the issues presented. Rather, this is a case in which, post-judgment, the trial judge expressed an interpretation of the judgment that exceeds its terms.

"This matter cannot be allowed to go on indefinitely without some resolution and therefore, * * * this Court declares that July 14, 1993 shall be the deadline for Defendant to obtain the required mining permit from Clackamas County."

The 1991 judgment does not address the issue of whether the condition could be waived nor could that have been an issue before the court at that time. Defendant's counsel had expressly informed the court that defendant was not interested in purchasing the property unless the permit could be obtained. Moreover, we do not agree with plaintiffs' argument that the court's findings and judgment necessarily by implication removed the right of defendant to waive the condition. In substance, the court's judgment supplied a date certain for the expiration of the agreement in the event that the permit could not be obtained. It deleted the "time is of the essence" language, changed the closing date from January 15, 1990, to July 14, 1993, and added a condition that defendant continue diligently to seek a permit. Plaintiffs do not argue that defendant failed diligently to seek the permit.

One more fact is pertinent to the analysis. At oral argument, plaintiffs conceded that, before the 1991 judgment, defendant lawfully could have waived the condition of obtaining the permit under the agreement and could have required them to specifically perform. The judgment says that the remainder of the parties' agreement dated June 5, 1989, including the subsequent addendum, "shall remain and continue in full force and effect." Because the issue of waiver was not before the trial court in 1991 and because the judgment had the legal effect of continuing the parties' agreement as it existed before the 1991 judgment, except in the particulars previously noted, plaintiffs' argument that the 1991 judgment precludes a waiver of the condition of obtaining the mining permit before the expiration date of the agreement is not persuasive. The trial court erred when it interpreted the 1991 judgment as having litigated an issue that was not before it.

Plaintiffs next argue that defendant is estopped from tendering performance under the agreement under the doctrines of equitable estoppel and judicial estoppel. To establish an equitable estoppel, plaintiffs must show that defendant

made a false representation to plaintiffs with knowledge of facts of which plaintiffs were ignorant, that defendant made the representation with the intent that plaintiffs act upon it, and that plaintiffs did act upon it to their detriment. *Ho v. Presbyterian Church of Laurelhurst*, 116 Or App 115, 119, 840 P2d 1340 (1992), *rev den* 315 Or 311 (1993). The Supreme Court has said that,

> "[i]n its purer sense[,] the doctrine of estoppel operates to prevent a person from taking a position contrary to that earlier taken; it prevents a person from proving the truth where that is opposed to a false position earlier taken that caused another to rely on the false position and thereby to choose a course of action." *Stovall v. Sally Salmon Seafood*, 306 Or 25, 33, 757 P2d 410 (1988).

However stated, "the doctrine of estoppel is only intended to protect those who materially change their position in reliance upon another's acts or representations." *Bash v. Fir Grove Cemeteries, Co.*, 282 Or 677, 687, 581 P2d 75 (1978).

Because defendant told the trial court in 1991 that it was not interested in purchasing the land under any circumstances unless a permit could be obtained, plaintiffs say that they "necessarily changed their position by the trial court's ruling and were faced with the prospect of selling the land at a later point in time than they had originally bargained for and at 1988 prices." It is difficult to understand how plaintiffs materially changed their position in reliance on what defendant told the court or what the court did. In fact, plaintiffs vigorously opposed defendant's position and appealed the trial court's ruling. We are not persuaded that plaintiffs have demonstrated an equitable estoppel. Plaintiffs also assert that the doctrine of judicial estoppel should bar defendant from waiving the condition. However, that argument was not made to the trial court and, therefore, we do not address it.

■■ Finally, plaintiffs argue that the doctrine of issue preclusion bars defendant from litigating whether it could waive the permit condition. Issue preclusion bars future litigation of an issue that has been "actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990). Plaintiffs contend that the issue of defendant's ability to waive the condition was

determined by the court's August, 1991, judgment. We have already held that the 1991 judgment did not litigate that issue. In conclusion, we hold that the trial court erred in entering judgment for plaintiffs.

Reversed and remanded.